IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHRISTOPHER D., | No. 3:25-cv-00236-YY |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

YOU, Magistrate Judge.

Plaintiff Christopher D.[1] seeks judicial review of the Commissioner's final decision

denying Social Security disability benefits. Plaintiff claims the ALJ erred by: (1) discounting his

subjective symptom testimony without clear and convincing reasons; (2) improperly evaluating

the medical opinion of Dr. Alvord; (3) improperly addressing the lay witness statements; and (4)

failing to support the step-five finding with substantial evidence. Pl. Br., ECF 12 at 9–19. The

district court must affirm the Commissioner's decision if the Commissioner applied proper legal

standards and the findings are supported by substantial evidence in the record. 42 U.S.C. §

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

405(g); *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020). With that standard of review applied, the Commissioner's decision is AFFIRMED.

**(1)** ***Subjective Symptom Testimony.*** Plaintiff argues that the ALJ failed to give specific, clear and convincing reasons for discounting his subjective symptom testimony. Pl. Br. 12–14; *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015) (holding that if a claimant provides objective medical evidence of an underlying impairment and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discounting the claimant's testimony); 20 C.F.R. § 404.1529. According to plaintiff, the ALJ's grounds for discounting his symptom testimony—inconsistencies with the medical evidence and improvement with treatment—were unsupported or failed to consider the entire record. Pl. Br. 12–14.

Regarding the medical evidence, plaintiff asserts that the ALJ singled out a "few periods of temporary well-being from a sustained period of impairment" in an attempt to discredit his testimony. *Id*. at 12 (citing *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014)). However, as the Commissioner observes, the ALJ identified specific evidence in the record and linked it to specific portions of plaintiff's testimony.

For example, the ALJ observed that despite plaintiff's testimony regarding his symptoms stemming from seizures, namely that he experienced "time loss" and performed "automatic behaviors[,]" plaintiff reported to his provider that he has "no ongoing episodes of time loss after starting Zonegran and no vision changes," and "findings on neurological examination were normal." Tr. 24, citing Tr. 635–36. The ALJ also found that plaintiff's seizures were clinically resolved. *Id*., citing Tr. 645. The ALJ next acknowledged plaintiff's claims of "significant seizure activity[,]" but contrasted those claims with a December 2023 chart note indicating that

2 – OPINION AND ORDER

plaintiff's medication was increased after "very brief lapses of awareness lasting just a fraction of a second" and that "reported seizure activity in mid-2024 was due to not taking his medication[.]" Tr. 26, citing Tr. 879–80, 890. Finally, the ALJ indicated "there are no observations by providers or other medical evidence that [plaintiff] is even having seizures, which was acknowledged by the representative at the hearing." Tr. 26; *see* Tr. 50–52.

Regarding plaintiff's claims of significant memory problems, the ALJ contrasted plaintiff's testimony with observations from an August 2023 examination where plaintiff was "receptive with normal expressive language." Tr. 24, citing Tr. 877–78. The ALJ then indicated that the strongest purported evidence of memory issues stemmed from examinations with Scott Alvord, PhD, but even Dr. Alvord observed that plaintiff's long- and short-term memory were "adequate on mental status examination." Tr. 24–25, citing Tr. 793. The ALJ explained that although plaintiff alleged that he has trouble "even remembering what he does day-to-day[,]" Dr. Alvord's consultative examinations reveal that plaintiff "was alone and gave a full history including medications he was taking" and "gave a full history to a new primary care provider and gave a similar full history, including back to his childhood, to a new mental health provider." Tr. 26, citing Tr. 910–18. The ALJ concluded that these observations demonstrated inconsistencies with plaintiff's testimony. *See generally* Tr. 26. This was a reasonable reading of the evidence. Because the ALJ provided specific, rational links between the objective medical observations and plaintiff's active memory recall, the ALJ's decision to discount plaintiff's subjective memory complaints is supported by substantial evidence and must be affirmed. *See Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony.").

3 – OPINION AND ORDER

Lastly, though not contested by plaintiff, the ALJ reasonably considered that plaintiff's mental impairments responded well to treatment with the prescribed medications of Sertraline and Zonegran. Tr. 24, 26, citing Tr. 635, 788, 877, 914, 921; *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling.") (citations omitted).

In sum, the ALJ's findings are supported by substantial evidence and are a reasonable interpretation of the evidence. The ALJ therefore did not err in evaluating plaintiff's subjective symptom testimony.

**(2)**    ***Scott Alvord, PhD.*** Dr. Alvord, a licensed psychologist, conducted a psychological evaluation of plaintiff on October 13, 2023 and November 6, 2023. Tr. 791–97. In his 2023 opinion, Dr. Alvord diagnosed plaintiff with Mild Neurocognitive Disorder, Mood Disorder (Depression and Anxiety), and Polysubstance Use Disorder (sustained ten-year remission). Tr. 795. Dr. Alvord documented that plaintiff's affect was "downtrodden and slightly anxious" and that his long-term memory was "adequate for dates and details of past events. Short-term memory was adequate. Immediate [or] working memory was adequate as evidenced by his instant recall of 3 for 3 words." Tr. 793. Dr. Alvord concluded that plaintiff would have mild to moderate difficult understanding, carrying out, and remembering simple, one-two step instructions; marked difficulty understanding, carrying out, and remembering complex instructions; moderate to marked difficulty sustaining concentration and persisting in work related activity at a reasonable pace; moderate difficulty maintaining effective social interaction on a consistent and independent basis with supervisors, co-workers, and in the public; and moderate difficulty dealing with normal pressures in a competitive work setting. *See* Tr. 795.

4 – OPINION AND ORDER

The ALJ found Dr. Alvord's medical opinion was not persuasive. *See* Tr. 27. The ALJ explained that "[w]hile supported by contemporaneous findings, it is not supported by or consistent with the record as a whole[.]" Tr. 27. The ALJ noted that Dr. Alvord's opinion had "significant inconsistencies" with the identical tests conducted by Dr. Trueblood even though the tests were performed more than a month apart. *Id*. The ALJ concluded that the "validity measures utilized by Dr. Trueblood put [the] results of both examinations into serious question." Tr. 28.

Plaintiff argues that "Dr. Trueblood never stated that the validity measures from his testing called into question the results of Dr. Alvord's testing." Pl. Br. 10. However, plaintiff mischaracterizes the ALJ's conclusion. The conclusion that Dr. Trueblood's validity measures put the results of both his and Dr. Alvord's testing into "question" was the ALJ's own conclusion after reviewing both opinions. *See* Tr. 27–28. The ALJ properly resolved a conflict between the testing results obtained by Dr. Alvord and those obtained by Dr. Trueblood. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) ("The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."). During a December 2023 evaluation, Dr. Trueblood administered the same mental capacity testing that Dr. Alvord had previously utilized across two evaluations. However, Dr. Trueblood explicitly concluded that his neuropsychological evaluation of plaintiff yielded test results that were "unlikely to provide accurate information about his neurocognitive skills" and "should not be relied on." Tr. 851. In support of this conclusion, Dr. Trueblood highlighted marked discrepancies and inconsistencies between the two evaluations, noting as an example that plaintiff's time to complete a processing speed test was over three times longer during Dr. Alvord's evaluation than during his own. *Id*. The ALJ highlighted this divergence, noting that Dr. Trueblood's clinical observations were "very inconsistent" with those of Dr. Alvord. Tr. 27, citing Tr. 649. Crucially, Dr. Trueblood

5 – OPINION AND ORDER

identified "malingering" or a "somatoform process" as the probable drivers behind plaintiff's unreliable test data. Tr. 851. Because the record contains affirmative clinical evidence of sub-maximal testing effort and symptom magnification, the ALJ was well within her authority to reject Dr. Alvord's more restrictive findings. Because the medical evidence is susceptible to more than one rational interpretation, the ALJ's resolution of this conflict must be upheld. *Andrews*, 53 F.3d at 1039–40.

Second, plaintiff argues that the ALJ did not fully and fairly develop the record by failing to recontact plaintiff's treating provider, Dr. Rolan. Pl. Br. 10. Plaintiff relies on Dr. Trueblood's observation that the "best basis for an estimate of the degree of memory impairment for [plaintiff] may be to obtain Dr. Rolan's opinion on this." Pl. Br. 10, citing Tr. 851. Plaintiff asserts that instead of recontacting Dr. Rolan to resolve this issue, the ALJ impermissibly discounted Dr. Alvord's consultative findings as "inconsistent." Pl. Br. 10. An ALJ's duty to further develop the record—including recontacting a medical source—is narrow and triggered only when the existing evidence is completely ambiguous or insufficient to make a disability determination. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005); *see also* 20 C.F.R. §§ 404.1520b(b), 416.920b(b). Here, Dr. Trueblood's report was neither ambiguous nor insufficient. As the ALJ properly recognized, Dr. Trueblood clearly "explains that his conclusion was based upon the fact that testing from an examination just one month prior was inconsistent with testing he performed, including, for example, that a test for processing speed took over three times longer on Dr. Alvord's evaluation than on Dr. Trueblood's evaluation." Tr. 27. The ALJ did not reject Dr. Alvord's opinion because it was ambiguous. Instead, the ALJ rejected the opinion because it was directly contrary to the opinion of Dr. Trueblood.

6 – OPINION AND ORDER

**(3)**    *Lay Witness Testimony.* Plaintiff also challenges the ALJ's evaluation of the lay witness testimony from his wife, mother, and sister. Pl. Br. 14–17. Plaintiff's wife, mother, and sister provided third-party statements regarding plaintiff's mental health-related limitations that tracked plaintiff's own allegations. *See* Tr. 348–59. The ALJ's basis for discounting plaintiff's symptom testimony is tied into why she discounted the lay witness testimony, namely due to improvement with medication, inconsistent statements to providers, and because the treatment notes do not support the "extreme limits alleged by" plaintiff and the witness statements. *See* Tr. 23, 26. For example, the ALJ pointed out that plaintiff's mother attended an August 2023 follow-up appoint with him where she affirmed plaintiff's partial seizures were "well-controlled on Zonegran." Tr. 24, citing Tr. 877 ("He is tolerating Zonegran and has had no further episodes of zoning out. He is accompanied by his mother today who is spent a great deal of time with him recently and confirms this.").

Plaintiff argues there is "no reliable evidence to support the ALJ's contrary conclusion, and the ALJ's failure to base his rejection of the lay witness statements on the record and to give specific and legitimate reasons germane to each witness is reversible error." Pl. Br. 16. But the ALJ provided clear and convincing reasons for discounting plaintiff's subjective symptom testimony, and those same reasons constitute germane grounds for discounting the lay witness statements. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (affirming that if an ALJ provides clear and convincing reasons for rejecting a claimant's subjective complaints, and a lay witness's testimony is similar to those complaints, it follows that the ALJ has provided germane reasons for rejecting the lay witness testimony); *Jacob D. v. Comm'r, Soc. Sec. Admin.*, No. 6:24-CV-01191-HL, 2025 WL 1779181 (D. Or. June 27, 2025) ("[B]ecause the ALJ noted how [the lay witness] testimony 'generally relies on the claimant's

7 – OPINION AND ORDER

subjective complaints," and the ALJ provided clear and convincing reasons to discount plaintiff's subjective complaints, the ALJ gave germane reasons for discounting [the lay witness's] testimony."). Plaintiff's statements regarding his limitations were substantially similar to those provided by his wife, mother, and sister. *Compare* Tr. 297–98, *with* Tr. 348–59. Therefore, the ALJ did not err.

**(4)** ***Step Five Determination.*** Plaintiff asserts that the ALJ's step five determination that he can perform the jobs of marker and routing clerk are not based on substantial evidence because the ALJ did not include Dr. South's limitation to "no detailed instructions [or] tasks" in the RFC despite finding his opinion persuasive. Pl. Br. 17–18. Plaintiff argues the jobs of marker and routing clerk "are improper for someone with [p]laintiff's limitations" because those jobs require the understanding and carrying out of *detailed* instructions, which is inconsistent with the limitations Dr. South assessed. *Id*. at 18. But even, assuming *arguendo*, that this constitutes an error, it is harmless. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)). Because the housekeeping cleaner job alone exists in significant numbers in the national economy (175,000), it independently satisfies the Commissioner's burden at step five, and the ALJ's decision must be affirmed.

## CONCLUSION

The Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED July 28, 2026.

_____/s/ Youlee Yim You_____
Youlee Yim You
United States Magistrate Judge

8 – OPINION AND ORDER